### MATTER OF LANDOLFI

### In Visa Petition Proceedings

### A-12376257

### Decided by Regional Commissioner January 7, 1965

Petition to accord beneficiary first-preference classification under section 203(a)(1), Immigration and Nationality Act, as amended, as a masseuse, is denied for failure to establish that beneficiary possesses the high degree of skill required or that the position requires a person possessing such qualifications since the position requires the care of petitioner, who is afflicted with multiple sclerosis in an advanced stage, beneficiary had no training or experience as a masseuse, or in the field of therapeutics, prior to her arrival in the United States in 1961, her qualifying experience for the position in question has been gained basically from a two-week period of intensive instruction which she received in 1961 from the physiotherapist and physician of the petitioner, and her duties since that time have generally involved putting such training into practice with some occasional modification of procedures under the direction of the physician or the therapist.

This matter is before the Regional Commissioner on appeal from the decision of the District Director at New York, New York, who has denied the petitioner's request for preference in the issuance of an immigrant visa on the ground that the petitioner has failed to satisfactorily establish that the services of the beneficiary are needed because of her high education, technical training, specialized experience or exceptional ability and further that the beneficiary's employment does not meet the additional statutory requirements of being substantially beneficial prospectively to the national economy, cultural interest or welfare of the United States.

The clearance order provides for a masseuse. It sets out specific experience requirements as follows:

At least 2 years experience in the massage and exercise techniques used in the management of multiple sclerosis and familiarity with the use of a massage vibrator, Hoyer lift, and the customary pulley and other exercise equipment.

9

The duties of the position require the holder to perform:

Therapeutic massage with and without electric vibrator, three times daily, and assistance with supervision of various therapeutic exercises with and without equipment, all under medical supervision. The incidental care and comfort of the patient also includes personal washing and feeding, and lifting, moving and turning.

The petition and supporting documents disclose that the 64-year-old petitioner is afflicted with multiple sclerosis in an advanced stage and is confined to home, is not ambulatory, lacks motor control and requires constant care and therapy. She has been unable to secure the services locally of someone to stay in attendance with her and give her the care that she needs. The beneficiary is the petitioner's 40-year-old single niece who was admitted to the United States as a visitor destined to the petitioner at the time of her arrival on April 29, 1961. For the 10 years prior to her arrival she was employed as a worker in a tobacco factory in Italy. Since arrival, the beneficiary has been the petitioner's principal attendant. The alien is supervised in the care of the petitioner by the family physician who visits once a month and by a licensed physiotherapist who comes to the home weekly. The therapeutic care, which calls for massage three times daily with and without electric vibrators, requires different techniques according to the part of the body involved.

It has been claimed on appeal that without the beneficiary's assistance, the petitioner will eventually have to be institutionalized at public expense; that, for this reason, the alien's services should be regarded as prospectively beneficial to the economy and welfare of the United States. There has been submitted in support of the appeal a statement by the petitioner's family physician in which he sets forth the beneficiary's training and qualifications for the position.

The alien's instruction began in the summer of 1961 and continued for about two years. Initially, she received daily instruction over a two-week period from both the physician and therapist regarding the nature of the petitioner's disease, the anatomy of the muscle groups involved, and the techniques to be employed in massaging and moving the patient. Since such time, the beneficiary has been supervised weekly by the therapist and monthly by the physician. In view of the progressive character of the disease, it has been necessary from time to time to change the positioning of the patient and massage. According to the physician, the alien has demonstrated natural aptitude in the field of physiotherapy, adeptness in handling the petitioner and ability to cope with the changing situations attributable to to the vagaries of the disease.

After very careful consideration of this matter, we are convinced that the petitioner requires the constant care of an attendant and that the beneficiary has served her well in this regard. We are also cognizant of the difficulties encountered in filling a position of this nature and the loving care and devotion which the alien has accorded the petitioner. Despite the sympathetic factors involved, we cannot authorize the approval of first preference quota status for the beneficiary as a means of perpetuating her stay in the United States.

The record in this case reflects that the alien had no training or experience either as a masseuse or in the field of therapeutics prior to her arrival in this country. Her qualifying experience for the position in question has been gained basically from the two weeks of intensive instruction which she received in 1961 from the family physician and the physiotherapist. Her duties since that time have generally involved putting such training into practice with some occasional modification of procedures under the direction of the physician or therapist. In view of the foregoing, we do not find it has been satisfactorily established that the beneficiary possesses the high degree of skill or ability necessary for first preference quota classification or that the duties of the position require a person having these qualifications. The appeal, therefore, will be dismissed for these reasons.

*It is ordered* that the appeal be and same is hereby dismissed.